April 4, 2014

The Honorable Rod Ponton
83rd District Attorney
400 South Nelson Street
Fort Stockton, Texas 79735

Opinion No. GA-1048

Re: Whether the Science Advisory Workgroup of the State Fire Marshal's Office has authority to review prior arson investigations (RQ-1154-GA)

Dear Mr. Ponton:

In two letters, you ask seven questions about the Science Advisory Workgroup ("Workgroup") of the State Fire Marshal's Office ("SFMO") and its investigation into closed arson cases and "forensic analysis [performed] before September 1, 2005."[1] Your first four questions implicate article 38.01 of the Code of Criminal Procedure as well as Attorney General Opinion GA-0866, which construed parts of article 38.01. *See* Request Letter at 5–6. Specifically, you ask about the Workgroup's authority "[i]n light of Opinion No. GA-0866" and whether the Workgroup is "subject to the jurisdictional restrictions delineated" in the opinion.[2] *Id.*

Article 38.01 authorizes the Texas Forensic Science Commission ("Commission") to investigate "any allegation of professional negligence or professional misconduct that would substantially affect the integrity of the results of a forensic analysis conducted by a crime laboratory." TEX. CODE CRIM. PROC. ANN. art. 38.01, § (4)(a)(3) (West Supp. 2013). Opinion GA-0866 considered the effective date of the 2005 legislation creating the Commission and its

---

[1]Letter from Honorable Rod Ponton, 83rd Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 5–6 (Oct. 1, 2013) & Letter from Honorable Rod Ponton, 83rd Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 4 (Oct. 10, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter" & "Supp. Letter," respectively).

[2]You indicate in your request letter that a letter from the SFMO, enumerating the findings of the Workgroup, has been submitted to the Texas Court of Criminal Appeals in connection with a pending habeas corpus action in the 83rd Judicial District of Pecos County. *See* Request Letter at 2. To the extent you ultimately seek a determination about the admissibility of the letter to a court or about the weight to be given the findings contained therein, that determination is not for an attorney general opinion but for the court in the pending action.

temporal limits on the Commission's authority. Tex. Att'y Gen. Op. No. GA-0866 (2011) at 1–3. The opinion also considered the jurisdictional limits on the Commission based on the language of the then-existing article 38.01, section (4)(a)(3).[3]  *Id.* at 3 (considering the Commission's authority with respect to unaccredited facilities). Both article 38.01 and Opinion GA-0866 pertain to only the Commission and do not address the authority of the Workgroup or the SFMO.

In your initial request letter, you characterize the Workgroup as an entity created by the SFMO in coordination with the Innocence Project of Texas and the Commission. *See* Request Letter at 2. You state that "it is not clear to [your] office," but that "there are strong indications" that the Commission has delegated authority over arson investigations to the Workgroup. *Id.* at 3–4. Your first four questions are predicated on a presumption of that delegation and inquire whether this supposed delegation results in the Workgroup being limited to the same extent as the Commission. *Id.* at 5–6 (asking questions "[i]n light of Opinion No. GA-0866" and about the jurisdictional restrictions "delineated in Opinion No. GA-0866"). In briefing submitted to this office, however, the Commission states that it "has never delegated any authority" to the SFMO. Brief from Lynn M. Robitaille Garcia, Gen. Counsel, Tex. Forensic Sci. Comm'n at 3 (Oct. 11, 2013) (on file with the Op. Comm.). And the Texas Department of Insurance, on behalf of the SFMO, explains in its briefing that the SFMO created the Workgroup under the statutory authority governing the SFMO.[4]  *See* Brief from Sara Waitt, Gen. Counsel, Tex. Dep't of Ins. at 1 (Oct. 28, 2013) (citing to SFMO's authority in chapter 417 of the Government Code) (on file with the Op. Comm.). The SFMO also explains that its decision to review closed arson cases does not stem from a delegation of authority involving the Commission. *See id.* at 2. Thus, in answer to your first four questions, article 38.01 is relevant to only the authority of the Commission and does not address or limit any independent authority vested in the Workgroup or the SFMO. Because Opinion GA-0866 construes only article 38.01, it is likewise irrelevant to any authority of the Workgroup or the SFMO.

In your fifth question, you ask whether the SFMO has "any independent statutory, or other authority, to investigate and make findings on old, closed arson cases, particularly arsons whose forensic analysis took place before September 1, 2005?" Request Letter at 6. The SFMO is governed by chapter 417 of the Government Code. TEX. GOV'T CODE ANN. §§ 417.001–.010 (West 2012). Chapter 417 directs the fire marshal to "administer and enforce applicable provisions of the Insurance Code and other law relating to the state fire marshal." *Id.* § 417.004(a). In addition, the fire marshal "is the chief investigator in charge of the investigation

---

[3]Article 38.01, section (4)(a)(3) was amended in 2013 and now expands the investigative authority of the Commission to include unaccredited crime laboratories. *See* Act of May 20, 2013, 83d Leg., R.S., ch. 782, 2013 Tex. Gen. Laws 1994, 1996 (codified at TEX. CODE CRIM. PROC. ANN. art. 38.01, §§ (4)(a)(3), (b-1)).

[4]Chapter 417 places the SFMO under the control of the Texas Department of Insurance. *See* TEX. GOV'T CODE ANN. § 417.002 (West 2012) (providing that the state fire marshal is appointed by, and serves at the pleasure of, the commissioner of insurance).

of arson and suspected arson in the state." *Id.* § 417.004(b).  With respect to the duties to investigate arson and suspected arson, the fire marshal "shall immediately investigate a fire occurring in this state in which property is destroyed" if directed by the commissioner of insurance or if requested by others identified by chapter 417.  *Id.* § 417.007(a).  The fire marshal "shall ascertain, if possible, whether the fire was caused intentionally, carelessly, or accidentally" and shall make a written report to the commissioner.  *Id.* § 417.007(c); *see also id.* § 417.007(d) (providing tools for further investigation).  In addition, with sufficient evidence to charge a person with certain crimes, the "state fire marshal shall give to the appropriate prosecuting attorney all evidence and relevant information."  *Id.* § 417.007(e).

The language of chapter 417 is silent with respect to authorization over old, closed arson cases.  *See id.* §§ 417.001–.010 (West 2012).  Chapter 417 grants the SFMO express authority over the research and improvement of fire protection and the investigation of arson and suspected arson.  *Id.* § 417.004(b)–(d).  "[T]he legislature impliedly intends that an agency should have whatever power is reasonably necessary to fulfill a function or perform a duty . . . expressly placed in the agency" by the Legislature.  *Pub. Util. Comm'n of Tex. v. GTE-Sw., Inc.*, 901 S.W.2d 401, 407 (Tex. 1995).  The investigation and review of fires, whenever occurring, could yield information necessary for the SFMO to fulfill its duties to research and improve fire protection and to investigate arson.  Thus, we cannot conclude that the SFMO is devoid of authority to investigate an arson case merely because the case is old or closed.  Moreover, because the SFMO's authority in chapter 417 is independent of that of the Commission in article 38.01, there is no basis by which to apply to the SFMO the September 1, 2005 limitation that applies to the Commission.  Accordingly, neither chapter 417 nor Opinion GA-0866 prohibits the SFMO from investigating and making findings on closed arson cases.

Your six and seventh questions inquire about two provisions in article 38.01 relevant to evidentiary matters.  *See* Supp. Letter at 4.  These provisions are contained in article 38.01 and apply to only the Commission.  Thus, neither of these provisions limits any actions of the SFMO or the Workgroup.[5]

---

[5]Questions regarding the admissibility of evidence in a civil or criminal action are for the particular court to determine, and are not appropriate for an attorney general opinion. *See* Tex. Att'y Gen. LO-92-39 (1992) at 1.

## S U M M A R Y

Neither article 38.01 of the Code of Criminal Procedure nor Attorney General Opinion GA-0866 limit any investigative authority that may be vested in the Science Advisory Workgroup or the State Fire Marshal's Office.

Neither chapter 417 of the Government Code nor Opinion GA-0866 prohibits the State Fire Marshal's Office from investigating and making findings on closed arson cases.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee